# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| RUSSELL B. WEEKES<br><br>Petitioner,<br><br>v.<br><br>BRETT JASON HAZLETT,<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO WITHDRAW**<br><br>Case No. 2:18-CV-298-RJS<br><br>Judge Robert J. Shelby |

This case comes before the court on Petitioner Russell B. Weekes' Motion to Withdraw the bankruptcy reference from Bankruptcy Case No. 16-30360.[1] For the reasons that follow, the Motion is DENIED.

## BACKGROUND

Respondent Brett Jason Hazlett was represented by Russell B. Weekes of Capstone Law in the bankruptcy proceeding underlying this case. After Hazlett's case was fully administered, both Hazlett and the U.S. Trustee filed Motions for Sanctions. Hazlett filed a Motion for Sanctions on November 8, 2017,[2] to which Weekes objected on November 27, 2017.[3] The U.S. Trustee filed a Motion for the Cancellation of Attorney Fee Agreements and Sanctions on March 9, 2018,[4] and Weekes objected on March 26, 2018.[5]

---

[1] Dkt. 2.

[2] Dkt. 1, Ex. 3, at 12 (Bankruptcy Case No. 16-30360, Dkt. 27).

[3] *Id.* at 11 (Bankruptcy Dkt. 43).

[4] *Id.* at 9 (Bankruptcy Dkt. 61).

[5] *Id.* at 8 (Bankruptcy Dkt. 66).

On April 5, 2018, Capstone Law filed a Motion to Intervene.[6]  That same day, Weekes

and Capstone Law filed a joint Motion to Withdraw,[7] asking this court to withdraw the

bankruptcy reference and decide the pending Motions for Sanctions against them.

## LEGAL STANDARD

Under 28 U.S.C. § 157(d), withdrawal of a bankruptcy reference may be permissive or

mandatory.  In either case, the motion to withdraw the reference must be timely made.  The

timeliness requirements are laid out in DUCivR 83-7.4(c).  In adversary proceedings, a party

seeking to withdraw the reference "must file a Withdrawal Motion within twenty-one (21) days

after entering an appearance in the adversary proceeding."[8]  But in contested matters, if a party

seeking withdrawal did not initiate the contested matter, it "must file a Withdrawal Motion

simultaneously with the filing of its initial response to the motion or application initiating the

contested matter."[9]

## ANALYSIS

Hazlett and the U.S. Trustee argue that Weekes and Capstone Law's Motion should be

denied because it is untimely.  The court agrees with respect to Weekes and denies Weekes's

Motion to Withdraw.[10]

---

[6] The Bankruptcy Court has not yet resolved this motion. *See id.* at 7 (Bankruptcy Dkt. 78).

[7] Dkt. 2.

[8] DUCivR 83-7.4(c)(2).

[9] DUCivR 83-7.4(c)(3).  Despite Weekes and Capstone's assertion to the contrary, there is no colorable argument that this Motion constitutes a case for purposes of subsection (c)(1), where "cases" refers to the main bankruptcy proceedings. *See* DUCivR 83-7.4(c)(1).

[10] Because Capstone Law has not been granted intervention, the court treats the Motion as one made only by Weekes and therefore only considers timeliness with respect to him. And because failure to timely file constitutes sufficient grounds for denial of Weekes's Motion, the court declines to reach Weekes's arguments respecting mandatory and permissive withdrawal.

A motion for sanctions in a bankruptcy case is a contested matter—it is a motion within the larger bankruptcy case, not a separately filed complaint related to it. This conclusion is consistent with the rulings of several bankruptcy courts that have treated motions for sanctions against a debtor's counsel and other similar motions as contested matters.[11] Additionally, the Federal Rules of Bankruptcy Procedure specify that unlike adversary proceedings, which are initiated by filing a complaint, contested matters are initiated by motion, just as Hazlett and the U.S. Trustee did here.[12]

Thus, the court applies the standard for timeliness for contested matters to this Motion. Weekes filed his initial response to Hazlett's Motion for Sanctions[13] over four months prior to the filing of the Motion to Withdraw.[14] Respecting the U.S. Trustee's Motion for the Cancellation of Attorney Fee Agreements and Sanctions,[15] eight days elapsed between the filing of Weekes's Objection[16] and the Motion to Withdraw. As such, the Motion to Withdraw was untimely with respect to both Hazlett's and the U.S. Trustee's Motions. Therefore, Weekes's Motion to Withdraw[17] is denied.

---

[11] *See, e.g.*, *In re Stewart*, 583 B.R. 775, 777-78 (Bankr. W.D. Okla. 2018) (holding that a motion for disgorgement, among other requests for relief, constitutes a contested matter); *In re Wood*, 408 B.R. 841 (Bankr. D. Kan. 2009) (referring to a U.S. Trustee motion to examine the transactions between debtor and her counsel—as provided by 11 U.S.C. § 329 and Fed. R. Bankr.P. 2017—as a contested matter and denying debtor's attorney fees and ordering disgorgement); *In re Tabor*, 583 B.R. 155, 158 & n.2 (Bankr. N.D. Ill. 2018) (stating that a motion for sanctions against counsel to debtor is a contested matter).

[12] *Compare* Fed. R. Bankr. P. 7003 (stating that per Rule 3 F. R. Civ. P., an adversary proceeding is commenced upon filing of a complaint) *with* Fed. R. Bankr. P. 9014 (stating that relief in contested matters is requested by motion).

[13] Dkt. 1, Ex. 3, at 12 (Bankruptcy Dkt. 27).

[14] *Id.* at 11 (Bankruptcy Dkt. 43).

[15] *Id.* at 9 (Bankruptcy Dkt. 61).

[16] *Id.* at 8 (Bankruptcy Dkt. 66).

[17] Dkt. 2.

## CONCLUSION

The Motion to Withdraw is DENIED.[18]  The Clerk of Court is ordered to close the case.

**SO ORDERED** this 6th day of July, 2018.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[18] Dkt. 2.